JACK H. STACY, PLAINTIFF-RESPONDENT, v. DAVID GREENBERG AND ANOTHER, DEFENDANTS-APPELLANTS.

ALVIN WOLFF, PLAINTIFF-RESPONDENT, v. DAVID GREENBERG AND ANOTHER, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 8, 1953—Decided June 18, 1953.

Before Judges EASTWOOD, BIGELOW and JAYNE.

*Mr. Joseph Weintraub* argued the cause for the respondents (*Messrs. McGlynn, Weintraub & Stein,* attorneys).

*Mr. George F. Lahey, Jr.,* argued the cause for the appellants.

PER CURIAM. Stacy and Wolff were injured in an automobile accident while riding as invitees in a car which Meltzer owned and Greenberg drove. The jury found that Greenberg's negligent driving was the proximate cause of the accident and that in the operation of the car he was the agent of Meltzer. They returned verdicts in favor of the plaintiffs and against both defendants.

On their appeal, the defendants confine their attention to the Workmen's Compensation Law of the State of New York, *McK. Consol. Laws, c.* 67. *Section* 29(6) of the act provides that the statutory right to compensation shall be the exclusive remedy of an employee who is injured "by the negligence or wrong of another in the same employ." The parties to the litigation were all New York residents, officers or employees of Marlene Blouse Corporation, a New York corporation, on their way back to New York from a work assignment in Pennsylvania. At an earlier stage of the case, our Supreme Court decided that, although the accident happened on a New Jersey highway, yet if the New York statute would bar recovery had the accident happened in

New York and were the suit pending in a court of that state, there ought to be judgments for the defendants in the instant cases. *Stacy v. Greenberg*, 9 *N. J.* 390 (1952).

If Greenberg, at the time of the accident, was acting within the scope of his employment as the servant of the Marlene Blouse Corporation, then he was exempted from liability to plaintiffs, and Meltzer was also relieved of liability. But if Greenberg was not acting for the Corporation, he was not within the protection of the statute. And unless Meltzer was acting for the Corporation when he let Greenberg take his automobile and drive the plaintiffs back to New York, he also was not within the statute.

Since conflicting inferences might be drawn from the evidence, the learned trial judge put these questions to the jury by instructions of more than ordinary clarity. The defendants' criticisms of the charge are without merit.

The judgment is affirmed.